[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff seeks money damages from the defendant Tilcon Connecticut, Inc. alleging that the negligence of the defendant caused the plaintiff to fall and sustain an injury to his ankle. He seeks $1,985.82 in medical expenses, $5,568.64 in lost wages ($506.24 net per week for 11 weeks), and additional compensation for his pain and suffering up to this time and for the future. The defendant denies negligence on its part. The defendant further states that even if some culpability attaches to the defendant, it is less than 51%, as the plaintiff was contributorily negligent. The defendant acknowledges that $1,985.82 was a reasonable amount for the plaintiffs medical expenses, but asserts that lost wages should be capped at $4,049.92 (eight weeks at $506.24 net per week). The plaintiff is 43 years old and has a life expectancy of 32 years.
The parties stipulated at the outset of the trial on May 24, 2001 that the plaintiffs claims as to the second defendant Tilcon Minerals, Inc. may be dismissed. The parties further stipulated that the intervening plaintiff Russo Trucking, Inc. had paid out via Worker's Compensation benefits $1,985.82 in medical costs and $6,805.46 indemnity for a total of $8,791.28. As the trial proceeded, the parties stipulated that the testimony of the plaintiffs expert medical witness Vincent M. Santoro, M.D. could be presented by use of his April 23, 2001 deposition transcript; likewise, the testimony of the defendant's expert medical witness Patrick R. Duffy, M.D. was submitted via a written report titled "Independent Medical Examination" and dated October 23, 2000.
On August 20, 1997 the plaintiff Christopher M. Angeloni ("Angeloni") was sent by his employer Russo Trucking, Inc. to pick up a load of asphalt from the premises of the defendant Tilcon Connecticut, Inc. ("Tilcon") in Waterbury, Connecticut at 567 South Leonard Street. At the CT Page 8812-w Waterbury site Angeloni stopped his tri-axle dump truck at the soap rack to spray a release agent (soap) onto the bed of the truck. He climbed four stairs to the platform, administered the soap, and began a descent of the stairs. On the second stair from the top his left ankle twisted throwing his weight forcefully to the outside of the ankle.
The ankle twisted because Angeloni stepped on an irregularity on the second step. The stairs and platform consisted of see-through diamond plate wire mesh steel. Each step was four feet wide. However, the second step from the top had sagged and was partially covered by a solid one-half-inch-thick steel plate. The plate covered only about two feet of the four-foot width of the step. There was no warning sign concerning the condition of the step. Tilcon was negligent in creating the repair and in maintaining the step in an unsafe condition. It was reasonably foreseeable that an invitee such as Angeloni would be using the defective step. Angeloni was not looking down at the step as he descended nor using the handrail. He had not seen the irregularity in the step when he ascended the stairs. The plaintiffs failure to look down at the second step and hold the rail did not constitute contributory negligence on his part.
Angeloni sustained a severe sprain to his left ankle. He experienced immediate pain at the time of the August 20, 1997 misstep. He informed Tilcon personnel and Russo Trucking, Inc. of the incident the same day as the injury and he informed them of the cause of the injury. At the hospital shortly after the accident the injury was diagnosed as a sprain. Angeloni was given a soft cast, a cane, and pain medication, and told to keep his left foot elevated and stay off it. He adhered to that regimen. He was able to sleep soundly that night, but continued to experience throbbing pain in the ankle to a lesser degree for a considerable period of time after August 20, 1997. Over the course of the next several weeks Angeloni treated with his general practitioner Dr. Ronald L. Buckman and a physical therapist. He saw Dr. Vincent M. Santoro for an independent medical examination on March 17, 1998 as a referral from Wausau Insurance; he saw Dr. Patrick R. Duffy for an independent medical examination on October 23, 2000 as a referral from the defendant.
The more convincing evidence from the doctors, the hospital report, and Angeloni himself demonstrates that an acute ankle sprain was sustained. Angeloni suffered severe pain immediately, moderate and throbbing pain for several days and weeks thereafter, and aching pain intermittently ever since when he exerts stress on the ankle by twisting it while it is bearing weight. The ligaments were stretched and there was interstitial tearing. There is too much play in the ankle because of the weakened CT Page 8812-x ligaments. Walking on uneven surfaces causes Angeloni to experience aching and tenderness in the ankle. This condition has been caused entirely from the August 20, 1997 sprain and not from any previous injury. The plaintiff has suffered a 10% permanent disability of the left ankle as a long-term result of the August 20, 1997 sprain.
Prior to the injury Angeloni played baseball and football occasionally in pick-up games with friends. Like many 39-year-olds who have turned 43 years of age, he has given up baseball and football for golf. He walks the 18 holes, but experiences pain in the left ankle as a result of the walk over uneven ground. Wearing a high-sided shoe to provide additional support to the ankle is of some help. On the dates of his trial appearances, Angeloni was wearing loafer-type shoes.
As a truck driver, Angeloni uses the left foot on the clutch to shift through as many as eighteen gears. He does not need to bring his full body weight to bear in order to shift gears, nor is any twisting movement necessary. He needs to get in and out of the truck; this does require a climb and weight on the left foot with some twisting. Angeloni has experienced intermittent pain during the four years since the ankle injury and will continue to experience intermittent pain during the 32 years of his life expectancy.
Although Angeloni did not see Dr. Buckman between September 25, 1997 and November 3, 1997, Dr. Buckman issued a "Certificate to return to work" slip dated October 9, 1997. No evidence was presented as to when Angeloni received notice of the medical clearance to return to work. He actually resumed work on October 30, 1997. At some later date Angeloni left his employment at Russo Trucking, Inc. to work for JDC Trucking. He continues to work at JDC Trucking where his wages are higher than what he was receiving at Russo. He has suffered no impairment of his earning capacity.
Judgment shall enter for the plaintiff Angeloni and the intervening plaintiff Russo Trucking, Inc. The plaintiffs are awarded $1,985.82 in special damages for medical treatment and $5,568.64 in special damages for lost wages (11 weeks at $506.24 per week). The plaintiff Angeloni is awarded $32,500.00 for his past and future physical pain and for the limitations imposed on his lifestyle by his permanent disability. The total judgment is $38,574.88. The intervening plaintiff shall receive its proportionate share of that total in accordance with the written Stipulation of the parties dated May 24, 2001 CT Page 8812-y
Winslow, J.